UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIHRETU B. DASISA** ) | |
| ) | |
|    Plaintiff ) | |
| ) | **CASE No. 05-1398 CKK** |
| V. ) | |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **HOUSING AUTHORITY** ) | |
| **1133 N. Capitol Street, NE** ) | |
| **Washington, DC 20002** ) | |
| ) | |
|    Defendant ) | |

### DEFENDANT'S MOTION TO DISMISS

The Defendant, District of Columbia Housing Authority (hereafter DCHA), moves this court to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction and for its failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (1) and (6) respectively.

### PARTIES

Based solely on the Complaint it appears the Plaintiff is a resident of the District of Columbia and is a Pro Se Plaintiff.

DCHA is an independent authority of the District of Columbia government created by the District of Columbia Housing Authority Act of 1999 (D.C. Law 13-105, D.C. Code, 2001 Ed. § 6-201, et seq.). DCHA is responsible for operating the public housing program and the Housing Choice Voucher Program (HCVP) (f/k/a tenant-based Section 8) of the U.S. Housing Act of 1937 (42 U.S.C. § 1401 et seq.) in the District of Columbia with funds primarily provided by the U.S. Department of Housing and Urban Development ("HUD"). DCHA is not

1

an agency of the Federal Government, but rather receives grant funds for the operation of the two federally established programs as identified above. DCHA's mission is to provide safe and decent housing for low and moderate income families of the District of Columbia and presently has a waiting list for both programs of over 50,000 families.

STATEMENT OF POINTS AND AUTHORITIES

**1. The Complaint, on its face, fails to establish the subject matter jurisdiction of this court.**

The Plaintiff has stated a number of bald allegations of jurisdiction that are either inapplicable or too vague to establish subject matter jurisdiction.

Plaintiff asserts this court has jurisdiction in all civil actions involving "…the Constitution, Laws or treaties of United State[s]-" (Page 1 of Complaint).  The Plaintiff mentions the Ninth Amendment to the Constitution with out describing any nexus between the rights protected in the amendment and any act or omission by the DCHA. The Ninth Amendment essentially prohibits any interpretation or construction of the Constitution to limit the rights of the people of the United States to those enumerated in the Constitution. (U. S. Const. amend. IX)  The face of the Complaint fails to describe any such a right and therefore it fails to establish a Constitutional basis for jurisdiction.

The Plaintiff lists two Federal laws in the Complaint, 28 U.S.C. §1338 and Title 7 of the Civil Rights Act of 1964, as possible basis for subject matter jurisdiction.  Again there is no nexus between these laws and any alleged act or omission by the DCHA.  Title 28, section 1338 of the U.S. Code confers subject matter jurisdiction on this court for

> **(a)** … any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

>**(b)** The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.
>**(c)** Subsections (a) and (b) apply to exclusive rights in mask works under chapter 9 of title 17, and to exclusive rights in designs under chapter 13 of title 17, to the same extent as such subsections apply to copyrights.  (28 U.S.C. § 1338)

The face of the Complaint does not mention any of these subjects, much less any alleged act or omission by DCHA regarding them. Given DCHA's statutory mission and primary funding source it is not possible to conjure up what might be any activity of the agency and the federal jurisdiction governing patents, copyrights and trademarks.

Title 7 of the Civil Rights Act of 1964 governs various behaviors that may be illegal discrimination however, the Plaintiff's Complaint has not asserted even a single fact that can put the DCHA on notice it has allegedly acted or failed to act in a manner that would be prohibited by Title 7.

The mere mention of the term "Federal Question"(page 2 of Complaint) is not enough as the plaintiff has not demonstrated what the Federal Question is much less a nexus with the DCHA. A patently insubstantial complaint may be dismissed for want of subject matter jurisdiction. *Hagins v. Lavine,* 415 U.S. 528, 536-537 (1974)

Plaintiff's Complaint should, in accordance with Fed. R. Civ. P. 12 (b) (1) be dismissed with prejudice as, on its face, it  fails to establish the jurisdiction of the court to hear and decide this matter.

**2.  Plaintiff's Complaint fails to state a claim against DCHA upon which this court can grant relief.**

Plaintiff's Complaint is so vague and virtually incoherent that it fails to state any cognizable cause of action against the DCHA and it should be dismissed under Fed. R. Civ. P.

3

12 (b) (6).

A motion under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint and dismissal is inappropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept the plaintiff's factual allegations as true and construe the complaint "liberally," "grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged," *Kowal v.MCI Communications Corp,* 16 F.3d 1271 at 1276 (D.C. Cir. 1994). However, the court may not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," nor "legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1275, *Browning v. Clinton,* 292 F. 3d 235 at 242 (D.C. Cir. 2002)

The Plaintiff does not set out any facts in the complaint that describe any acts or omissions by DCHA. At best the Plaintiff alleges DCHA received a "Notice of Action" that some how resulted in discrimination by means of a denial. DCHA is left to speculate what was denied. The only exhibit is an expired (in 1998) HUD form certificate for Section 8 Tenant-Based Assistance from the Sacramento (California?) Housing and Redevelopment Agency. This one exhibit has no connection to DCHA either in its text or by way of facts pled in the Complaint.

The plaintiff alleges a legal conclusion, DCHA is responsible for some form of discrimination, as a fact. The DCHA and the court are left to speculate both what DCHA did, the subject of the "Notice of Action" and the significance of the exhibit. There are no facts to support even an inference of wrongdoing much less a cause of action recognized by this court.

The Plaintiff also alleges DCHA "…has no right to strippe [sic] Massachusettus [sic]

HUD-certified sect-8-forwarded to D-C- HUD for <u>FAIR Housing</u>  Denied." The Complaint does not tell the DCHA who or what is "Massachusettus [sic] HUD" nor what DCHA (assuming "D-C-HUD" is DCHA and not the headquarters of HUD in Washington, D.C.) took away or stripped from it. The phrase makes no connection between the alleged stripping action and a denial of fair housing, let alone a connection with an action by DCHA  Again there are no facts to support an inference of wrongdoing, much less a cause of action that can be recognized by this court.

Finally the Plaintiff mentions an order of this court dated 03/17/1999 in case number 98-02945 issued by Judge Paul L. Friedman.  Again the Complaint draws no connection between this order and DCHA.  In fact a review of the docket indicates there is none. That case was brought by the Plaintiff here against the Brightwood Postal Station, University of the District of Columbia, Howard University and HUD, DCHA was not a party.  The order directed the Plaintiff to respond to motions to dismiss and for summary judgment filed by the defendants. The motions were subsequently granted in favor of the defendants on June 30, 1999.

## CONCLUSION

The Plaintiff has failed to plead any fact that would support a cause of action upon which this court could grant any relief.  Plaintiff's Complaint at best is vague and fails to give the DCHA any notice what action it took that harmed the plaintiff or what failure to act resulted in damage or loss.  Plaintiff has not, on the face of the Complaint, nor by inference described the basis for this court's subject matter jurisdiction.  The Plaintiff does not demonstrate nor are there facts to infer a nexus between the jurisdictional basis baldly alleged and an act or omission by the DCHA.  Dismissal with prejudice under Fed R. Civ. P. 12 (b) (1) and (6) is merited in this case.

**Wherefore** the defendant, District of Columbia Housing Authority, requests this court dismiss Plaintiff's Complaint with prejudice and award it such other relief as is just as determined by the court.

Respectfully submitted,

_____/s/_____
Hans Froelicher, IV
Bar #475506
Office of General Counsel
District of Columbia Housing Authority
1133 North Capitol Street, N.E.
Suite 210
Washington, D.C.  20002
(202)535-2835

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing District of Columbia Housing Authority's Motion to Dismiss was mailed, first class, postage prepaid to Mihretu B. Dasisa, 1725 Lincoln Road, NE, Washington, D.C. 20002 this <u>12th</u> day of September 2005.

_____**/s/**_____
Hans Froelicher, IV

7