United State District Court
For District of Columbia
Sep    2005

Case No: 05-1398 CKK

- Mihretu Bulti Dasisa
1725 Lincoln Rd, NE
Washington DC-20002
Tel-202-635-1041
        Plaintiff

- District of Columbia
Housing Authority
1133 North Capital St, NE
Washington DC-20002-7599
        Defendent

⇒ **Opposition to Dismiss-Motion Response, as Order on 9/19/05**

1- District Court has Jurisdiction over plentiff and defendent; furthere more, this court has personnal Jurisdiction on this matter as Denial of Access, Housing disceremination, neglect, faile of duty, Responsibility existed persuant to U.S.A-28 §§ 1441, 1442,(a) and 1446 since plentiff domiciled in District of Columbia, and this court sits in—

   \* see also:- Rule 5(e,h); U.S.C. Title 28 §§ 45
      Advisory Committee Note

Received SEP 28 2005 Nancy Mayer Whittington, Clerk U.S. District Court

-2-

2- District Court has Original Jurisdiction of all civil actions arising under the Constitution and Laws, treaties (violated etc--)
  see:- Complaint (page 1) (Approv-1976 Act)

(A) Since Defendant Requested clarification
  (1) see:- Federal Question (Rule 1331) for effective and Applicable provisions
  (2) see also, 1980 Acts; sect-4 of Pub-L-91 486 as provided.

(B) For DCHA--Defendant Request-clarification:(-As this case jurisdictions similar to other cases in this court)-This Act Amended this section and sect-2072 of title 15--Commerce, Trade, and enacting provisions set out as noted under sect-1 of this title -- shall apply to Any civil Action pending on the date of enactment of this Act; Apply to DCHA-
  (Dec-1, 1980)

3- District Court Jurisdiction And Venu-
  see:- Applicable provision (1976 Act)

4- District Court has wide discretion to enlarge time limits or Revive them After they have even expired-- No limitation on time within which court may exercise its discretion, and since the expiration of the term does not end its power--there is now, NO TIME LIMITATION ON Federal Court--Exercise of its discretion under Rule 6(b)

-3-

5- EFFECTS OF civil Rule procedure sect- 6(b) ON Time Limitation
- District Court is given the power in its discretion to Relieve a party from failure to act within the times specified in any of these other Rules (This case was on motion since 1999-)

NOTE: - Fed- Rule 6(c) abrogates that limit time on Judicial power.

## CAUSE OF ACTION AND JUSTIFICATION

I- Defendent Admitted, Denial of Access undesputable in its own Affadavit proved existance of Jenuine issue for Trial.

## JUSTIFICATION OR FACTUAL DETAILS

1- Defendent (DCHA) Approved Affarmatively the existance of Housing Descremination - as plaintiff Requested section 8 Certificate FORWORD FROM SACRAMENTO HOUSING AUTHORIT, to DC-Housing, On or between 3/20/98 - And - 4/5/98.

prove: (A) On 06/23/98 DCHA -- Received sect-8 certificate; copies of Required personnal Datas -- such as: social security card, Work-permite, Income Tab, Passport, citizenship ID, -- positively to process ---

(B) - On June 24, 1998 sent certified mail to DCHA Reminder for Re-certification of sect-8 response on time delayed -- to get help, but No Respon

-4-

(C) - On July 16, 1998 sent certified mail to DCHA -- DIRECTOR for Administrative assistance And Decission -- Received No Response, but defendant said "Section 8 certificate was expired by 2½ months," Confusing when plaintiff claimed section 8 Re-certification in DC- with when plaintiff Requested forward sect-8 certificate to DC-Housing Authority- from Sacramento (on or between 3/20/98 - 4/5/98)

(D) - Defendent said "Mr. Dasisa's family portability information should have been forwarded directly from Sacramento Housing Authority to DCHA-sect-8 office to -- verify --- but -- Denied Section 8 Re-certification" without one fact determination. Therefore, denial of Re-certification & section 8 program participation without verification procedure; without Board of Administration decission Requested -- failed to Act according to HUD-Regulations defendent himself approved in his Affadavit, Resulted Fair Housing discremination; caused damage to the civil Right Act of-1964, Title seven, protective federal Law plaintiff's complaint claimed under the Law - violated by DCHA

(A) see Also - DC-HumanRight Act 1977 as Amended -- DC-offical code sect 2-401.1 violated by DCHA-OFFICALS --

-5-

(B) see:- Defendent's Affadavit Attached, FACT- page 3 (section 8) (Exhibit II Attached)

(C) see:- Exhibit I, page 2, (Item 4 b) on Complaint - That proved -- Denial of Housing was NOT verified, And the motives were Housing discrimination agaist HUD-Regulation, state and federal LAWS violated, Plaintiff entitled for Releif.

II - SAcRAMENTo Housing Agency has determined Plaintiff eligibility to participate in section 8 Certificate Program signed by Mr. Daneil popovich Sacramento Housing Authority - on DEC-5/97 verifying from Amhrst MA-HA-

see: Exhibit I (Item 5) on Complaint)

proves:- DC-Housing Authority failed, Contradicted its own HUD duty and obligation, Denied plaintiff Excess, section 8 benefit is illigal, Housing discremination, that destabilized and intentionally harmed plaintiff.

(A) see:- (Amendment 9, DCHA - violated)
(B) see:- Complaint on page 1, sep, 23, 1998 filed in DC-superior court Attached)

2- Defendent now knows --- Plaintiff ORDERED OR Requested section 8 Certificate to DC-from Sacramento Housing Agency to DCHA -- On OR 3/20/98 - and 4/5/98 (between):- 06/23/98 DCHA Report was Re-certification claim in DC-proves NOT Expired without verification process of HUD-Rules

-6-

3- Defendent need to know, plaintiff lived in PING GARDEN APARTMENT 2233-FAIR OAKS BI- 925-2383 CALIFORNIA-Sacramento- with Rummate -ALEX--who promissed to move to his girl friends home--Living ONE BED-Room-for plaintiff--but this sacramento-student Rummate Robbed all my staffs, FAX-machine (NEW bought) Telephone set--etl-- and dissappered; locked me out, broke promise that took me two times Extention in sacrament Housing Agency - owner Agreed to lease but later Refussed to honer form signed to Report to HA-

4-Defendent need to know-- plaintiff found another Appartment but -- Refussed to hand door key after contract agreement signed -- plaintiff Appealed to sacramento (CA) STATE HUD-DIRECTOR'S OFFICE He called Appartment manager --who FAXED him my CONTRACT with them--took plaintiff to sacramento city Housing Authority--debating litigation about civil-Right violated by Lease Company-- plaintiff--Angered by denial of access and Requested section 8 Certificate FORWARDED TO DC- Housing Agency (DCHA) And filed case agaist sacramento private Appartment owner, and sacramento university--and moved to DC- as 06/23/98 Reported for section 8 Certificate claim---For your Information, this case was Appealed to US-Congress--Action were taken for correction--

-7-

in Sacramento-Housing Authorities -- who might have Retaliated NOT to forward Required verification Documents -- YOU (DCHA) have Absolute power to Get it, had you NOT obeyed their denial of Justice to plaintiff and <u>sided to Rescue</u> -- Appartment owner who discreminated me; --(DC)-- DCHA also Cooperated just like other private firms in DC -- who denied me excess -- proves -DC-Housing discrimination or denial of Re-Certification in DC-was motives of RACIAL Discrimination than process of HUD failed; plaintiff entitled for Relief.

   (1) see:- Sep-23, 1998 Plaintiff's Complaint filed in DC-superior Court that moved to US-District Court - (2 pages)

   (2) see:- Darline A. Saunders DCHA -- AFFIDAVIT NOW-TANGABLE FACT-Evidence for plaintiff's Complaint Justification - material issue existance for TRIAL - ( 4 pages Attached)

5- Defendent DCHA -- failed HUD-Regulations, denied Plaintiff its own Section 8 Re-Certification without arrival of Required family portable History, and Board of Administration Decission -- proves -- DCHA -- Stripped Rights of Plaintiff -- to be housed in DC -- de-stablized, intentionally punished plaintiff without doing Any wrong to them -- DCHA- violated Fed-laws; see:- Amendment 9 -- on complaint P.1

-8-

(1) See: — AFFIDAVIT OF DARLINE A. SAUDERS, FACTS. page 3 (section 8 through 13)

(2) See: — (NOT Available for Now -- but (Rule 56(f) filed case in U.S. District court in Sacramento for Counter check.)

As Honorable Majestrate court's ORDER, Answer on 9/19/05 -- Plaintiff have proved Giving DCHA-Administrative Assistance NOTICE, TO ITS DIRECTOR

- Plaintiff has proved DCHA -- caused senior --- mental - and denials of an alienable Rights under the law to plaintiff --

- Plaintiff has proved District court's Jurisdiction, subject matter existance for TRIAL - AS - DCHA -- AFFIDAVIT Admitted denial of Excess itself (FAIR Housing discremination.

As Plaintiff's legal Merit for Jenuine matterial issue to enter Trial and factual grounds presented in this Law suit Answer — MOTION TO Dismiss is inappropriate Response while Defendent Approved all allegation in Complaint was TRUE, and Jenune Claim for Relief -

Mihretu Bulti Dasisa says — the above Information or statements are TRUE - to the best of my knowledge and belief.

Signed under the penalty of prejury this Sep-28, 2005; Respectfully.

_Mihretu Bulti D-_

NOTE: -
1) AFFIDAVIT-OF DARLINE (4 copies) Evidence for plaintiff.
2) Plaintiff's Sep-23, 1998 DC-superior court Complaint (2 ....)

Mihretu Bulti D-
1725 Lincoln Rd- NE
Wash. DC - 20002 -

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **MIHRETU BULTI DASISA** ) | |
| 6217 12th St., N.W. ) | |
| Washington, D.C. 20011 ) | Civil Action No. 0007267-98 |
| ) | Judge Shellie F. Bowers |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **BRIGHT WOOD POSTAL STATION,** ) | |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **UNIVERSITY (UDC),** ) | |
| ) | |
| **HOWARD UNIVERSITY, AND** ) | |
| ) | |
| **U.S. HOUSING AUTHORITY AT** ) | |
| **DISTRICT OF COLUMBIA** ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF DARLINE A. SAUNDERS

I, Darline A. Saunders, hereby depose and state the following under penalties of perjury:

1. I am the Supervisory Housing Program Specialist of the District of Columbia Housing Authority's (DCHA) Section 8 Housing Program Division and have been employed in this capacity since July 1997.

2. As a Supervisor in the Section 8 division at DCHA, I am required to supervise, oversee and manage the Section 8 recertification and leasing process, including enforcement of the "portability" process. As a Supervisor I work with the U.S. Department of Housing and Urban Development's ("HUD") regulations governing the Section 8 tenant based assistance program on a regular basis. As a result, I am familiar with HUD's Portability regulations which allow persons who receive tenant-based Section 8 assistance to lease an apartment unit outside of

Sacramento's Section 8 program.

8. Moreover, Mr. Dasisa's Family Portability information should have been forwarded directly from the Sacramento Housing Authority to DCHA's Section 8 office. A complete portability file should have contained a copy of Plaintiff's Section 8 certificate, a current HUD Form 50058 "Family Report", HUD Form 52665 "Family Portability Information" sheet and plaintiff's income verification to even be considered by DCHA. This information is required by DCHA to verify and authenticate an applicant's status in the jurisdiction he is porting from.

9. HUD Form 50058 is a "Family Report" where an applicant's family background information, household size, citizenship, income source(s) and pro rated rent calculation are provided. This Family Report is to be annexed to a "Family Portability Information" sheet. (See an example of a "Family Report" annexed as Exhibit "D").

10. HUD Form 52665 is a "Family Portability Information" sheet prepared by the initiating HA and is used to verify, to the receiving HA, whether the applicant is a **current** program participant and/or income eligible for the Section 8 certificate that was issued. (See an example of a "Family Portability Information" sheet annexed as Exhibit "E").

11. Additionally, related verification information is required, consisting of a copy of the applicant's birth certificate, social security card and proof of income.

12. DCHA required the Family Report, Family Portability Information sheet and the related verification information from the Sacramento Housing Authority to verify Mr. Dasisa's program participation in its Section 8 tenant based assistance program to even consider whether Mr. Dasisa had benefits that were "portable" to the District of Columbia.

13. The Sacramento Housing Authority <u>never</u> forwarded any of the above referenced

the initial Housing Authority (HA) jurisdiction.

3. In my capacity as the Supervisory Housing Program Specialist, I am familiar with the facts surrounding DCHA's denial of Section 8 housing program participation to Mihretu Bulti Dasisa. Mr. Dasisa's Section 8 certificate issued by the Sacramento Housing Authority had expired. Thus, it was determined that he had no benefits that were "portable" to the District of Columbia. (See the Section 8 certificate annexed as Exhibit "B").

4. I was present when Mr. Dasisa came to DCHA's Section 8 Division and presented to Maria Allen (who was employed with DCHA as a Housing Program Assistant responsible for "Portability"), with an expired certificate issued by the Sacramento Housing Authority. In fact, Ms. Allen consulted directly with me when Mr. Dasisa asked that DCHA honor his Section 8 certificate from Sacramento.

5. Upon my review of Mr. Dasisa's Section 8 certificate, I saw that it was issued on November 20, 1997 and was originally scheduled to expire on January 20, 1998. However, Mr. Dasisa had received two-30 day extensions to February 20, 1998 and March 20, 1998 and a "final" extension to **April 5, 1998**. (See the Section 8 certificate annexed hereto as Exhibit "B"). Thus, the Section 8 Certificate Plaintiff presented to DCHA on June 23, 1998 had expired **two and a half months prior**.

6. Since Mr. Dasisa's Section 8 certificate had expired both Ms. Allen and I explained to him, at DCHA's offices, that DCHA could not honor his expired Section 8 certificate from Sacramento and provide him with Section 8 benefits in the District of Columbia.

7. Mr. Dasisa was uncooperative, thus, after some debate, I directed Ms. Allen to call the Sacramento Housing Authority to ascertain whether Mr. Dasisa was a current participant in its Section 8 program. As a result, we learned that Mr. Dasisa had been terminated from

documents to DCHA's offices, which we found to be unusual because this is ordinarily done when a PHA is aware that one of its Section 8 participants intends to move to another jurisdiction.

14. Thus, based on Mr. Dasisa's expired Section 8 certificate, DCHA's Section 8 Housing Program Division had no choice but to deny Mr. Dasisa Section 8 benefits in the District of Columbia. The denial of benefits was not racially motivated but based on the HUD regulations governing "portability" which we have no authority or discretion to waive.

15. Further, DCHA had no discretion to issue Mr. Dasisa one of its own Section 8 Certificates because he would have been required to make an application with DCHA for such benefits and then be placed on the waiting list, of over 10,000 people, before being issued a Section 8 Certificate.

Executed this 23rd day of December, 1998, Washington, D.C.

*Darline A. Saunders* (signature)
Darline A. Saunders
District of Columbia Housing Authority
1133 N. Capital Street, Suite
Washington, D.C. 20002
(202) 535-1433

Subscribed and sworn to this 23rd day of December, 1998

_____
Notary Public

My commission expires: September 30, 2000

-4-

Exhibit III(3)
(2 pages)

1. DISTRICT OF COLUMBIA HOUSING AUTHORITY
2. 1133 NORTH CAPITAL STREET NE.
3. WASHINGTON D.C. 20002- 7599
4. SEPTEMBER 23, 1998
5. BROUGHT SECTION 8, U.S. HOUSING ASSISTANCE FROM SACRAMENTO AND GAVE
6. IT TO DISTRICT OF COLUMBIA HOUSING AUTHORITY.
7. ON 06/23/98 MS. MARIA ALLEN SECTION 8, PROGRAM CO-ORDINATER RECEIVED
8. ALL DOCUMENTS I BROUGHT FROM SACRAMENTO.
9. RE-CERTIFICATION IN D.C. METRO REQUESTED VIA CERTIFIED MAIL ON JUNE
10. 24,1998.
11. please see exhib. no............
12. BESIDES ILLIGAL PROVOCKATIVE ACTS I WROTE AN URGENT ACTION NOTICE
13. ON JULY 16,1998 TO DIRECTOR OF HOUSING AUTHORITY ASKING ASSISTANCE
14. FOR I WAS DENIED U.S. HOUSING AUTHRITY CERTIFICATE LAWFULY GIVEN
15. TO ME FROM MASSACHSETTUS WAY UP TO D.C. METRO TO USE IT IN ALL STATES
16. I GO, OR MOVED TO.
17. plese see the attached exhibit. no..........
18. BOTH SECTION 8 CO-ORDINATER AND HER SUPERVISER PROVOCKED ME IN THE
19. THEIR OFFICE AS IF THEY WILL GIVE ME THE CERTIFICATE REQUESTED BUT
20. AT THE END SEND ME OUT OF THE OFFICE FLATELY DENING LOW ABIDED
21. U.S. HOUSING ASSISTANCE I GOT AS POOR FAMILY HOLDER.
22. I TOOK ALL LEGAL STEPS. I BEGGED IN PERSON BUT RATHER LAUGHED AT ME.
23. ON JUNE 30, 1998 APPEALLED TO U.S. DEPARTEMENT OF HOUSING AND DEVELOP_
24. MENT MAIN OFFICE, BUT ADVICED DISTRICT MUST DO THAT I WAS TOLD.
25. I GAVE THE SAME MESSAGE AND THE COPY OF MY APPLICATION TO DC HOUSING
26. BUT DENIED WITH NO REASON THAN TELEPHONE ORDER FOR HATE I RECEIVED,
27. IN WHICH ALL FOUGHT ME IN THE SAME ATTACKING METHOD DENIAL OF ACCESS
28. DUE TO PERSONNAL HATE THAN THE POLICY THAT ADMINISTER THE HOUSING
29. AUTHORITY. REPLACED THEIR OWN DENIAL POLICY FOR POOR ATTACKING
POWER THEY USED ON ME WITH OUT DOING ANY WRONG THAN ASKING MY OWN.

- 2 -

1. I HAVE ALL SUPPORTIVE FACTS IN HAND BESIDES THEY DENY ME
2. CREATING LAY MAN REASONS THAT IS AN ACCEPTABLE FOR IT IS THEIR
3. TWO GOVERNMENT OFFICES POLICY, IN WHICH I WAS TOLD NOT TO CARY
4. MY PERSONNAL FILE FROM STATE TO STATE THAN HOUSING AUTHORITIS.
5. THEY MIGHT GIVE OTHER REASONES BUT I'M CORRECT APPLICANT ON THE
6. RIGHT I'M ATTACKED AND DENIED ACCESS WITH NO REASON THAN PERSONNAL
7. INTEREST THAT IS OUT OF THE POLICY THAT HOUSING AUTHORITY ADVISED
8. ME WHEN ASKED WHERE I MADE A MISTAKE.
9. please, see the two copies attached exh. no.......
10. THERE IS NOTHING I CAN SAY ABOUT THE DENIAL OF MY OWN HOUSING ASSIS_
11. TANCE THAN HOUSING SEGREGATION IN THIS FEILD ALSO, THAT CAME TO
12. COMMON VICTEMIZING FOR ME, FOR I'M POOR AND NEED U.S. GOVERNMENT
13. HELP FOR EVERY THING FOR MY LIFE EXISTANCE IN U.S. FOR I'M ON TEMP_
14. ORERY DISABILITY STATUS AND NEEDS HELP FROM ANY U.S. CITIZEN.
15. I ALSO ASK U.S. DISTRICT COURT GIVE THE RIGHT I 'M STREEPTED JUST
16. BECOUSE SOME PERSON HATE ME IN PERSON.
17. THANK YOU FOR YOUR TIME AND A PROCEED OF THIS CASE FOR CORRECTIVE
18. ACTION.
19.
                                        SINCEARLY
                                        *Bultimilnetu*
20.                                     MIHRETU BULTI D.
21.
22.
23. **NOTE**
24. Exhibits Attached, and provided to DC-superior
25. court--were NOT found in JACKET when
26. Collected this two copies but defendent
27. Received - and Responded promptedly
28. See - AFFIDAVIT OF DARLINE
    A-SAUNDER'
29. (Four copies Attached)
    *not rd. on 23 DEC-1998*