UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mihretu Bulti Dasisa,          :
                               :
         Plaintiff,            :
    v.                         :        Civil Action No. 05-1398 (CKK)
                               :
District of Columbia           :
Housing Authority,             :
                               :
         Defendant.            :

MEMORANDUM OPINION

In this action brought *pro se*, plaintiff alleges that the District of Columbia Housing Authority discriminated against him when it refused to accept his voucher for public housing (commonly referred to as section 8 housing). *See* 42 U.S.C. § 1437f. Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) (lack of subject matter jurisdiction) and (b)(6) (failure to state a claim upon which relief may be granted). Upon consideration of the parties' submissions and the entire record, the Court will dismiss the complaint on the ground that it fails to state a claim.

Defendant seeks dismissal under Rule 12(b)(1) on the ground that the complaint is "patently insubstantial." Def.'s Mtn. at 3. Defendant states that it is the recipient of federal grant funds. Def.'s Mtn at 2. "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff's complaint of discrimination based on defendant's administering of the section 8 voucher program provides sufficient notice of a federal claim under the liberal pleading

requirements of Fed. R. Civ. P. 8. The Court therefore determines that it has subject matter jurisdiction and therefore denies defendant's Rule 12(b)(1) motion.

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if it appears, assuming the alleged facts to be true and drawing all inference in plaintiff's favor, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997), *cert. denied* 531 U.S. 1147 (2001); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Defendant asserts correctly that the complaint itself is too "vague" to "state any cognizable cause of action" against it, Def.'s Mtn. at 3, because it fails to "set out any facts . . . that describe any acts or omissions by DCHA." *Id*. at 4. Plaintiff's opposition to the current motion, however, is revealing and dispositive. The complaint arises from events that occurred in 1997-1998. It concerns the "portability" of plaintiff's section 8 certification by the housing authority in Sacramento, California, in November 1997 to the District of Columbia. *See* Pl.'s Opposition Attachment, Affidavit of Darline A. Saunders. According to Ms. Saunders, the certificate had expired when plaintiff presented it to the D.C. Housing Authority in June 1998; thus, the Housing Authority "had no choice but to deny Mr. Dasisa Section 8 benefits in the District of Columbia." *Id*. ¶ 14. Plaintiff has provided no facts that even suggest that the decision was based on his "race, color, or national origin." 42 U.S.C. § 2000d. His own evidence belies such a claim.

For the preceding reasons, defendant's Rule 12(b)(6) motion is granted. A separate Order accompanies this Memorandum Opinion.

>                  _____s/s_____
>                  COLLEEN KOLLAR-KOTELLY
> Date: April 12, 2006               United States District Judge