UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA -
July 25, 2006 -

Mihretu Bulti Dadisa            *CASE NO: 05-1398CKK
1355 New York Ave. NE -
Wash-DC- 20002
                Plaintiff -

HUD-D.C.-Authority -
1133 N-Capital, ST-NE
Wash-D.C.-20002-7599.
                Defendant -

→ MOTION FOR Declaratory Judgement For the Relief - FROM ORDER And Memorandum entered on April-12, 2006 - BUT Received (OR NOTIFIED) ON April 26/06 at 5.p.m. persuant to Fed-R-60(sec-a, b 1, 2, 3, 6) (Filing Again FOR Review)

(1)   Plaintiff above filed the MOTION (above) on April-27, 2006 - for Relief - within TEN-DAYS - infitlment due date to Appeal to Federal Judge who presided on this case -

(2)   This Case was NOT on Computer Data file As-of April-27, 2006 -

(3)   On July 20, 2006 learned - this Appeal was missing -- Clerk office took Copy of April-27/06 Attached -- as promissed, to send it -- Court chember for Decission -

RECEIVED
JUL 25 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(4) This lawsuit is unappealable at Courts of Appeal Circuit for District of Columbia Housing Authority proved - "NOT Exercised its Administrative Jurisdiction -- varifying sect-8-Certificate ORDER DATE from Sacramento HUD - at - APRIL-27/2006 MOTION to Relief filed within 10 DAYS due date entitlement for Relief - by - judge or Jury Review at the same District Court - before taking the Appeal to Circuit Court.

(5) Plaintiff-Appeal to Honerable court GRANT of -- Declaratory Judgement against Defindent who failed to verify FACTS before - denying federally granted me - section 8-Housing Assistance, suffering plaintiff since C997 - present against NATIONAL- and International LAWS - that forced me leave the country Lack of Access in United States -

(6) In case July 20, 2006 copy Re-filed NOT Received - (6 pages - and 1 exhibit) copy are attached for the court Review - that CAN NOT BE Appellable due to - NOT Final - ORDER - on varification of - FACT - UNFound --

Respectfully -

Mebrety Multu D.
1155 NJ-Ave-NB-
Wash-DC 20002

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA.
April-27, 2006.

Mihretu Bulti Dasasa
1725 Lincoln Rd, NE
Washington DC-20002-
                    Plaintiff-

D.C. Housing Authority
1133 N. Capital, ST-NE-
Wash-DC-20002-7599-
                    Defendent-

CASE NO: 05-1398(CKK)

RECEIVED
APR 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1) MOTION FOR RELIEF FROM ORDER AND MEMORANDUM
        ENTERED ON APRIL-12, 2006; Rec'd Apr 26/06
(2) OR: - ALTERNATIVE:
    MOTION FOR NOTICE OF APPEAL TAKING TO
    DISTRICT APPEAL CIRCUIT COURT
        (Persuant to Fed-R-60 (Sect-a,b,1,2,3,6...)
        (Persuant to Fed-R-1979 3(d) Respectively-

1- NOTICE is hereby Given that plaintiff above named Appeal to Honorable Federal Judge from Final ORDER And MEMORANDUM entered on April 12, 2006 - Received on April-26, 2006 After 14 days delay in postal process - IN And out - intitled to this Appeal -
    See:- Exhibit I Attached - Mail Stamp.

2- Plaintiff Respectfully Honer, and accept Courts ORDER And MEMORANDUM - As assumed alleged FACTS to be TRUE drawing inference in plaintiff's favor.
    TO PROVE IN SUPPORT OF CLAIM TO THIS RELIEF.
    A. This case was Filed in U.S. District Court in Sacramento for local Appartment owner

violated equal opportunity to public-accommodation, Rent And lease signed but cancelled, Refussing; Honoring Sect-8 RENT Contract entred with plaintiff -- that involved CALIFornia STATE HUD DIRECTOR - U.S. Congress for Judicial Directory to Rule of LAW these Constitutional and Law Authorities Received the Cause of this Lawsuit.

B. Sacramento HUD was ORDERED FORWARDED Sect-8 Certificate for D.C. Housing on or between 4/5/97 to 4/5/98 while Same case was filed in U.S. District Court in Sacramento — on Pending (year 1997.)

C- Because Complaint pro-se proceeding Grant delayed; higher school Regestration Approched, Moved to Washington D.C- Claimed Section 8, Re-Certification on 6/23/98 - According to U.S. HUD, Rules, Regulatory Policy.

D. Defendent D.C-Housing Authority Addmitted in its Affidavit, signed by Mr. Darlone A. Saunders -- dated on 23, Dec-1998 Page 3, (Sect- 8-13) Stating "VERIFICATION REQUIRED TO GRANT OR DENY Sect-8 Federal Housing Assistance Re-Certification in D.C." THIS: proves: (1) Dinal of intitlment before HUD Rules, Regulations, FACT, and evidences Forwarded from Sacramento is A mistake

(2) No Reason was presented to this court than Denial based on CASE OWN MOTION in U.S. District Court - While sacramento

STATE Governer's OFFICE, U.S. Congress, and U.S. Court agaost School, and RENT Discremination filed legally for Correction.

(3) Plaintiff ORDERED Sacramento City, HUD that sided Appartment owners; school discremination issue on or between 3/20/97 and 4/5/98 before 15 days extension date expired -- and went U.S. court for pending complaint filed (1997 - available as Fed-R-56(f) when need be to justify this claim as TRUE this court assumed to proof...

(4) It is HUD's policy throughout United States beneficiary of Sect-8 Certificate ONLY carry Re-Certification copy provided to it where city it goes to -- that was admitted by Defendant's Affidavit page 3, Sect-(3-8) Attached-undeniable FACT besides Fed-R-65(f) to enforce-HUD Regulations NOT produced, but miss-led this court decission on April-12, 2006--

(5) Plaintiff has proved correct on DISPOSITIVE MOTION RESPONSE ORDERED on 9/19/05 -- page 3, I, Sect(1)(A,B,C,D) filed TRUE, And FACT to support this claim besides HUD's Rules, Regulatory Policy persuant to Fed-R-65(f)(b) Justifies this FACT... producing it to Court Inspection-
proves:- April 12, 2006, ORDER And Memorandum was based on UNVARIFIED denial of Excess in HUD-D.C.-Mistake-

-4-

6- SUMMARY TO Conclusal TO the LAW—

(1) From standing point of Federal Rules of Evidence on trial -- and Affidavit page 3 of Defendent sect- (3-8) ORDER And Memorandum entred on April 13, 2006 has proceedural VERIFICATION OF FACT ERROR- to deny or Grant sect-8 HUD intitlement that was mis-interpreated in this court. Honerable judge attention plaintiff is Appealing for fair and Equitable justice denied in D.C. HUD.

(2) Section 8 Certificate brought to D.C. HUD as Mr. Darlone A. Saunder Affidavit Expired in Sacramento -- See page 3, sect (3-8) but Addmitted both failed to harm plaintiff- Required VERIFICATION, when FORWARD ORDER Requested, and case on MOTION in U.S. District Court in Sacramento proves:- ERROR OF LAW, Policy, and Consti- tution Rights this court stands for.

(3) As in the Rules of Evidences in court trial Section on PRIVILEGE:- It states that: "Otherwise Relevant Evidence can be excluded to protect certain Relationships where Confidencial Communications are Assumed." Proves:- HUD Sacramento And D.C. HUD NOT to VERIFY Fed. intitlement Sect-8, HUD Regulatory policy -- for Reasons, NOT TO Testify ONE against the other to harm Plaintiff- this court can see, AS TRUE-

-5-

see:- Fed-R-201-Sect-(a-g) There Could be, no previllage violating plaintiff's Right's based on ~~on~~ (equal justice for all.)
see:- Fed-R-56(f) To justify this claim as TRue, Jenuin, and trustworthy.

(4) COUIL RULG TRIAL- FED-RULE OF EVIdence: ON RELEVANCE:- states that, "ONLY EVidence that might help prove or disprove a desputed FACT in the case is RELEVANT and therefor "AFFIDAVIT of Deffendent Page 3 (3-8) is admissable FACT As TRue, NOT VERYFIED before Denial of Sect-8 intitlment, Violating Federal Statues, HUD Regulatory Requirement to show this court (failed)" - Therefore, ORDER And Memorandum based on UNVERIFIED FACT IS, IRRELEVNT to the LAW And Constitution that Defendent mis-led this court be corrected to Honerable Court Review, ORDER to cleark office for Relief:- plaintiff Respectfully Requesting.

(4) VEGUE:- Defendent assertion Complain itself "too Vage" to state claim or cause of Action is Self-Contradictory for Affadavit proved on page 3 Sect (3-8) CAUSE OF Action was NOT VERIFIED Action taken at its jurisdiction violated Federal statues, and mis-led this court ORDER OF April 12, 2006 And MEMORANDUM that this court has A power to correct it.

(5) Information this court was looking as Stating claim - FACTS, evidences as within

(A) Sect-8 Certificate handed to D.C.-HUD -

(B) producing public-RECORD AT ITS custody for justification is HUD-Authorities duty of Federal Rules Regulation enforcement - that Plaintiff based its claim to justify -- Housing and other discriminatory Acts systematically Existed for court Inspection on question
→ See:- Fed-Rule 56(f)

As this CASE PROVED PERSONAL - NOT FEDERAL -- ERROR At D.C. HUD:

Plaintiff Appeal to Honorable Constitutional and Law Federal Judge Relief from ORDER And Memorandum Entered on April-12, 2006, Received on April 26, 2006. REConsideration, suspension proceeding Grant, Respectfully

IN THE ALTERNATIVE -

Plaintiff ASK Honorable Federal Judge Allowing Appeal TAKING to - U.S. District Appeal's Court for the District Circuit -- where the above genuine FACTS, claims Evidences may not be correct to Law - this court stands for - (Persuant to 1979 3(d) Directives to Clear OFFICE

All the above statements, FACTS, evidences are correct to the best of my knowledge.
Signed this day April 27, 2006 - [signature]

Mihretu Bulti
1785 Lincoln Rd. NE
Wash - D.C. 20002

